**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4708

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ROBERT BRINTLE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00042-CCE-1)

Submitted:  December 23, 2024                                    Decided:  February 11, 2025

Before HARRIS, RUSHING, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Frank Joseph Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Robert Brintle appeals his sentence after pleading guilty to possession with intent to distribute methamphetamine and possession of firearms after a felony conviction. On appeal, Brintle's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether Brintle's sentence is substantively unreasonable but concluding that there are no meritorious grounds for appeal. Brintle was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"'This Court reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024). "First, we determine whether the district court has committed significant procedural error." *United States v. McKinnie*, 21 F.4th 283, 289 (4th Cir. 2021). "Second, we consider whether the sentence imposed was substantively reasonable." *Id*. "A sentence is substantively unreasonable only where under the totality of the circumstances, the 'sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a).'" *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022). "'[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable.'" *Id*.

"'[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.'" *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024). "'[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.'" *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020). "As we have previously acknowledged, district courts

2

have discretion to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data and may even reject Guidelines on that basis, but they are under no obligation to do so." *United States v. Powers*, 40 F.4th 129, 138 (4th Cir. 2022) (internal quotation marks omitted). "[A] district court may choose to adhere to the Guidelines because they represent the institutional authority of the [Sentencing] Commission and Congress" or "because the court agrees that the sentencing range they recommend suits the instant offense and offender." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that Brintle's sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range; considered the parties' arguments and § 3553(a) factors; conducted an individualized assessment of the facts and arguments presented; reasonably determined that a sentence below the Guidelines range was appropriate; and adequately explained its chosen sentence. We further conclude that under a totality of the circumstances, the district court did not abuse its discretion in concluding its sentence satisfied the standards under § 3553(a).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for relief. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Brintle, in writing, of his right to petition the Supreme Court of the United States for further review. If Brintle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brintle. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*